UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 JUL 24 PM 12: 10

CLERK

BY ___lw___
DEPUTY CLERK

|  |  |
|---|---|
| ESTATE OF SUSAN BLOOD, <br> Kristie Watrous, Administrator, <br> Plaintiff, <br><br> v. <br><br> THE RUTLAND HOSPITAL, INC., d/b/a <br> RUTLAND REGIONAL MEDICAL CENTER, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:23-cv-223 <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

### The Parties

1. Susan Blood, a resident of the State of New York, died in Albany, New York on July 26, 2022.

2. Kristie Watrous is the daughter of Susan Blood and the Administrator of her mother's estate by virtue of an order of the Vermont Superior Court, Probate Division.

3. Ms. Watrous is a resident of the State of New York and, by virtue of 28 U.S.C. § 1332(c)(2), "deemed to be a citizen only of the same State as the decedent."

4. The Rutland Hospital, Inc. does business as Rutland Regional Medical Center (RRMC) and is organized and exists under the laws of Vermont with its primary place of business in Vermont.

### Subject Matter Jurisdiction and Venue
### 28 U.S.C. § 1332
### 28 U.S.C. § 1391

5. This court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy is in excess of this court's jurisdictional

Plante &
Hanley, P.C.

P0205979.5                          Page 1 of 5

minimum of $75,000.

6. This court is the proper venue because the acts and omissions which give rise to this litigation took place in Vermont.

**The Facts**

7. In February 2019, Mrs. Blood fell and fractured her right femur.

8. Surgeons in New York repaired the fracture with a titanium orthopedic device.

9. Sometime thereafter, surgeons in New York removed the titanium device and replaced it with another titanium orthopedic device.

10. When the replacement titanium device became infected, surgeons in New York replaced it with an antibiotic spacer.

11. After the placement of the antibiotic spacer in her right leg, Mrs. Blood was transferred to Mountain View Center in Rutland, Vermont for rehabilitation.

12. On July 19, 2022, Mrs. Blood experienced shortness of breath at the rehabilitation facility.

13. Healthcare providers at the rehabilitation facility were concerned that Mrs. Blood might be suffering from a pulmonary embolism and summoned an ambulance to transport her to the RRMC Emergency Department.

14. The ambulance arrived and transferred Mrs. Blood from the rehabilitation facility to the RRMC Emergency Department.

15. While Mrs. Blood was in the Emergency Department, health care providers employed by RRMC concluded that she was a fall risk.

16. Health care providers employed by RRMC concluded that Mrs. Blood was not

Plante & Hanley, P.C.

suffering from a pulmonary embolism and decided to return her to the rehabilitation facility.

17. Although Mrs. Blood was a fall risk, and was not supposed to bear weight on right leg, RRMC employees failed to summon an ambulance and, instead, summoned a taxi.

18. Agents and employees of RRMC gave Mrs. Blood a walker.

19. When the taxi arrived, no employee RRMC accompanied Mrs. Blood to the taxi.

20. Mrs. Blood fell as she was getting into the taxi, the antibiotic spacer dislocated, Mrs. Blood's leg split open along the line of the surgical incision, and the antibiotic spacer came out of her leg.

21. Mrs. Blood lost a great deal of blood and sustained other significant injuries as a result of the fall.

22. RRMC employees concluded they did not have the ability to treat Mrs. Blood's injuries.

23. RRMC employees summoned a helicopter.

24. The helicopter came to RRMC and transferred Mrs. Blood to Albany Medical Center in Albany, New York.

25. While at Albany Medical Center, Mrs. Blood underwent extensive, complex and painful medical care and treatment.

26. As a direct and proximate result of the injuries sustained in the July 19, 2022 fall at RRMC, Mrs. Blood died at Albany Medical Center on July 26, 2022.

Plante &
Hanley, P.C.

## COUNT I
## MEDICAL NEGLIGENCE
## SURVIVAL
## 14 V.S.A. §§ 1451, *et seq.*

27. Agents and employees of RRMC, while acting within the scope of their employment, deviated from the standard of care for similarly situated medical professionals during their care and treatment of Mrs. Blood.

28. But for these deviations from the standard of care, Mrs. Blood would not have fallen and would not have sustained fatal injuries.

29. As a direct consequence of the defendant's deviations from the standard of care, Mrs. Blood suffered damages prior to her death including, but not limited to, severe physical and emotional injuries, great pain and suffering and medical bills.

## COUNT II
## MEDICAL NEGLIGENCE
## WRONGFUL DEATH
## 14 V.S.A. § 1492

30. Plaintiff repeats paragraphs 1 through 26.

31. Agents and employees of RRMC, while acting within the scope of their employment, deviated from the standard of care for similarly situated medical professionals during their care and treatment of Mrs. Blood.

32. As a direct and proximate result of these deviations from the standard of care, Mrs. Blood died.

33. As a direct and proximate result of RRMC's deviations from the standard of care, Mrs. Blood's next of kin, her daughters Kristie Watrous and Katie Blood, sustained damages, including but not limited to the loss of the love, care, comfort, support and guidance of their mother.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**PLAINTIFF SEEKS THE IMPOSITION OF PUNITIVE DAMAGES.**

**WHEREFORE**, the Estate of Susan Blood, Kristie Watrous, Administrator, demands judgment against the Rutland Hospital, Inc. doing business as Rutland Regional Medical Center, full, just and adequate compensation, interest, costs, and such other relief as is just and equitable.

Dated: July 20, 2023

ESTATE OF SUSAN BLOOD,
KRISTIE WATROUS, ADMINISTRATOR

By: *(signature)*
Michael F. Hanley
Plante & Hanley, P.C.
P. O. Box 708
White River Junction, VT 05001-0708
802-295-3151, Ext. 102
mfhanley@plantehanley.com

Plante &
Hanley, P.C.