UNITED STATES DISTRICT COURT　　　　　　　　　DISTRICT OF VERMONT

ESTATE OF SUSAN BLOOD,
KRISTIE WATROUS, Administrator,　　　　　　**CIVIL ACTION NUMBER:**

　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　2:23-CV-223-wks

　-against-

THE RUTLAND HOSPITAL, INC., d/b/a RUTLAND
REGIONAL MEDICAL CENTER,

　　　　Defendant.

## APPEARANCE

The law office of O'Connor, O'Connor, Bresee & First, P.C., has been retained and appears on behalf of defendant The Rutland Hospital, Inc., d/b/a Rutland Regional Medical Center, regarding the above-referenced matter.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES defendant, The Rutland Hospital, Inc., d/b/a Rutland Regional Medical Center, by and through its attorneys, O'Connor, O'Connor, Bresee & First, P.C., and makes answer to the plaintiff's complaint, as follows:

## PARTIES

1. Defendant denies the allegations of paragraph 1 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

2. Defendant denies the allegations of paragraph 2 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

3. Defendant denies the allegations of paragraph 3 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

4. Defendant admits the allegations of paragraph 4 of the plaintiff's complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Defendant denies the allegations of paragraph 5 of the plaintiff's complaint, except acknowledges that plaintiff claims that this Court has subject matter jurisdiction over the case.

6. Defendant denies the allegations of paragraph 6 of the plaintiff's complaint, except acknowledges that plaintiff claims that this Court is the proper venue for this case.

## FACTS

7. Defendant denies the allegations of paragraph 7 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

8. Defendant denies the allegations of paragraph 8 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

9. Defendant denies the allegations of paragraph 9 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

10. Defendant denies the allegations of paragraph 10 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

11. Defendant denies the allegations of paragraph 11 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

12. Defendant denies the allegations of paragraph 12 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

13. Defendant denies the allegations of paragraph 13 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

14. Defendant denies the allegations of paragraph 14 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

15. Defendant denies the allegations of paragraph 15 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

16. Defendant denies the allegations of paragraph 16 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

17. Defendant denies the allegations of paragraph 17 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

18. Defendant denies the allegations of paragraph 18 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

19. Defendant denies the allegations of paragraph 19 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar

as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

20. Defendant denies the allegations of paragraph 20 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

21. Defendant denies the allegations of paragraph 21 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

22. Defendant denies the allegations of paragraph 22 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

23. Defendant denies the allegations of paragraph 23 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

24. Defendant denies the allegations of paragraph 24 of the plaintiff's complaint, except admits that Mrs. Blood received treatment at RRMC on July 19, 2022, and further denies insofar as the allegations are inconsistent with Mrs. Blood's medical records and/or the memory of the individually named defendant or medical staff of the defendant.

25. Defendant denies the allegations of paragraph 25 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

26. Defendant denies the allegations of paragraph 26 of the plaintiff's complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof.

## COUNT I

27. Defendant denies the allegations of paragraph 27 of the plaintiff's complaint.

28. Defendant denies the allegations of paragraph 28 of the plaintiff's complaint.

29. Defendant denies the allegations of paragraph 29 of the plaintiff's complaint.

## COUNT II

30. Defendant repeats and realleges every allegation herein.

31. Defendant denies the allegations of paragraph 31 of the plaintiff's complaint.

32. Defendant denies the allegations of paragraph 32 of the plaintiff's complaint.

33. Defendant denies the allegations of paragraph 33 of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Comparative negligence.

2. Failure to state a claim upon which relief can be granted.

3. Intervening or superseding efficient cause.

4. Acts or omissions of a third party for which this answering defendant is not liable.

5. Plaintiff's complaint fails to state a claim, in whole or in part, upon which punitive damages may be awarded.

6. The claims and causes of action alleged in the complaint are barred to the extent that plaintiff lacks standing to commence the action.

7. The Court lacks subject matter jurisdiction over the case.

## DEMAND FOR TRIAL BY JURY

NOW COMES defendant The Rutland Hospital, Inc., d/b/a Rutland Regional Medical Center, by and through its attorneys, O'Connor, O'Connor, Bresee & First, P.C., and hereby demand a trial by jury on all issues triable of right by jury in the above-captioned matter, pursuant to V.R.C.P. 38.

## WHEREFORE CLAUSE

Wherefore, defendant respectfully requests that the Court dismiss plaintiff's complaint in its entirety, with prejudice.

**DATED** at Burlington, Vermont this 29th day of August 2023.

O'CONNOR, O'CONNOR
BRESEE & FIRST, P.C.
*Attorneys for Defendants*

By_____
P. BAIRD JOSLIN, JR., ESQ.
180 Battery Street, Suite 240
Burlington, Vermont 05401
(802) 440-1541
joslin@oobf.com

TO:   Michael F. Hanley, Esq.
      Paul J. Perkins, Esq.
      *Attorney for Plaintiff(s)*
      Plante & Hanley, P.C.
      P.O. Box 708
      White River Junction, VT 05001-0708
      (802) 295-3151 Ext. 102
      (802) 295-3151 Ext. 103
      mfhanley@plantehanley.com
      pjperkins@plantehanley.com